UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Michael Dawson, | § | |
|     Plaintiff, | § | |
| versus | § | Miscellaneous H-07-391 |
| Goldman Sachs & Co., | § | |
|     Defendant. | § | |

## Opinion on Arbitration

1. *Introduction.*

Michael Dawson arbitrated his claim against Goldman Sachs & Co. for breach of contract. The panel found for Goldman Sachs and awarded it $160,000 in attorney fees. Dawson argues that neither the contract nor a statute gave the panel jurisdiction to consider fees. He argues that without independent jurisdiction, Goldman had to plead fees specifically for them to be awarded. The court may vacate an arbitration award under narrow circumstances that do not exist here. It will be upheld.

2. *Pleading Fees.*

When parties choose to arbitrate, they not only substitute an arbiter for a judge and adopt a categorically distinct method of resolution. They wholly alter pre-trial and trial procedures – including standards of evidence – and they limit the scope of judicial review of the arbitration award. *Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors, Local Union 657 v. Stanley Structures Inc.*, 735 F.2d 903 (5th Cir. 1984).

Dawson says that Goldman did not plead for fees specifically and that this deficiency is sufficient to vacate that part of the decision. He says that the panel did not simply make a wrong decision on fees; rather, it lacked jurisdiction to make the decision.

Although fees must be pleaded to be considered, this does not resolve the issue. Dawson says Goldman did not plead for fees. Goldman says it did. Neither of their opinions

matter. What matters is that the *panel* says Goldman pleaded for its fees. This court cannot hold that the panel lacked jurisdiction to consider fees without first overturning the panel's decision that Goldman pleaded for them.

Arbitration fails in its purpose if its conclusions are not given wide latitude. If an arbitration panel commits a legal or procedural error, that does not mean that it exceeded its authority. *Sal Financial Servs., Inc. V. Nugent*, Civ. Action No. 3:06-CV-2051-D, 2007 U.S. Dist. LEXIS 17441 at *11 (N.D. Tex. Mar. 9, 2007). Dawson has the burden to show that the panel manifestly disregarded the law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

Dawson has not met his burden of persuasion. Dawson complains not that the panel violated a governing principle of law but that it ignored a rule of pleading on a secondary issue – attorney's fees. The Arbitration Act establishes that doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355 (5th Cir. 2004).

The panel found in the award that Goldman sought its attorney fees. This court has no discretion to decide whether fees were expressly sought; it is enough that the arbitrators concluded that they were. If the matter of attorney's fees is submitted to the arbitrator, a court is without authority to modify the award. *See Monday v. Cox*, 881 S.W.2d 381, 385 (Tex. App.– San Antonio 1994, pet. denied). Factual or legal errors by arbitrators – even clear or gross errors – do not authorize courts to annul awards. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 549 (N.D. Tex. 2006).

3. *Equity*.

Dawson also brings an equitable argument; he might have prepared differently or used different tactics if he had known there was a chance that he might be held responsible for the costs he imposed on Goldman. Dawson was unable to articulate to this court, however, what different tactics he might have used, or how he would have otherwise prepared.

Dawson brought baseless claims and complains that the transaction costs he imposed were awarded to the other party. Dawson sought fees for himself and now argues he had no idea fees could be awarded the other side.

Dawson testified at the arbitration that his fees exceeded $320,000 and that Goldman's fees exceeded his own. The panel awarded Goldman less than one-half of Dawson's fees – $160,000. The award is equitable.

4.   *Conclusion.*

The panel found that Goldman pleaded for its fees. If Goldman pleaded for its fees, then the panel had jurisdiction to award them. Dawson judicially admitted that Goldman's fees exceeded $320,000. Under the standard of review, this court cannot overturn the arbitration panel's decision. It will be affirmed.

Signed on October 3, 2007, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge